# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS, INDIANA

| | |
|---|---|
| DONNA MOORMAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:23-cv-01538 |
| | ) |
| GENE B. GLICK COMPANY, INC | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

## JURISDICTION

1. This suit is authorized and instituted pursuant to Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, Americans with Disability Act, 42 U.S.C.A. § 2000e-5 and Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on May 31, 2023.

## PARTIES

3. Plaintiff is disabled female, over the age of forty, and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. In 2016, Plaintiff was hired as the Assistant Property Manager at Defendant.

6. Plaintiff performed her job well.

7. In July 2022, Plaintiff injured her knee resulting in Plaintiff's inability to stand for long periods of time.

8. Plaintiff was on leave from July 2022 to August 2022. Plaintiff returned to work in August 2022.

9. In August 2022, while on leave Plaintiff, complained to Defendant's Corporate Human Resources of her Supervisor's discriminatory behavior, in particular Plaintiff complained that her Supervisor on a consistent basis referred to her and the residents as old and crazy.

10. In November 2022, Plaintiff requested leave due to a serious medical condition/disability.

11. On January 24, 2023, Plaintiff returned to work with restrictions.

12. Plaintiff presented the restrictions to her supervisor and requested an accommodation.

13. As a part of the accommodation, Plaintiff requested that her desk be moved closer to the files she used to perform her daily job responsibilities.

14. Plaintiff's Supervisor denied Plaintiff's request.

15. On February 19, 2023, Plaintiff was terminated allegedly for work performance, in particular Plaintiff was accused of failing to complete an audit.

16. However, this is not true. The audit was completed while Plaintiff was on leave and completed by Plaintiff's supervisor.

17. Plaintiff was terminated due to her age.

18. Plaintiff was terminated due to her disability.

19. Plaintiff was terminated due to engaging in protected activity.

20. Defendant failed to engaged in the interactive process.

## COUNT I

21. Plaintiff incorporates by reference paragraphs 1-20.

22. Defendant, as a result of terminating Plaintiff due to her age, violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634.

## COUNT II

23. Plaintiff incorporates by reference paragraphs 1-20.

24. Defendant, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634.

## COUNT III

25. Plaintiff incorporates by reference paragraphs 1-20.

26. Defendant, as a result of terminating Plaintiff due to her disability, violated the Americans with Disability Act, 42 U.S.C.A. § 2000e-5.

## COUNT IV

27. Plaintiff incorporates by reference paragraphs 1-20.

28. Defendant, as a result of failing to accommodate Plaintiff due to her disability, violated the Americans with Disability Act, 42 U.S.C.A. § 2000e-5.

## COUNT V

29. Plaintiff incorporates by reference paragraphs 1-20.

30. Defendant, as a result of terminating Plaintiff due to Plaintiff engaging in protected activity, violated the Americans with Disability Act, 42 U.S.C.A. § 2000e-5.

## COUNT VI

31. Plaintiff incorporates by reference paragraphs 1 -20.

32. Defendant, as a result of retaliating against Plaintiff, violated Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

                                                           s//Amber K. Boyd
                                                         Amber K. Boyd 31235-49
                                                         Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 960-5070